UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEIDI VANKERSEN,

        *Plaintiff,*

v.                                                     Case No.  1:24-cv-909

COMMISSIONER OF SOCIAL                 Hon. Jane M. Beckering
SECURITY,

        *Defendant.*

_____/

## REPORT AND RECOMMENDATION

      Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits.  The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Judgment (ECF No. 12).  This matter is before the Court on the parties' stipulation and proposed order for attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (ECF No. 13).

### I.      Discussion

      The EAJA provides in relevant part that  "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).  Eligibility for a fee award in a civil action "requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and

(3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).  Here, plaintiff has met the elements to be eligible for an EAJA award, *i.e.*, plaintiff is the prevailing party, the government does not contest plaintiff's contention that its position was not "substantially justified," and no special circumstances exist in this case to make an award unjust.  *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of reasonable attorney fees to be awarded in this case.  The EAJA provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

For reasons discussed in past orders, this Court has determined that the appropriate hourly rate for Social Security Appeals is $204.75.  The submitted record supports an award of attorney fees in the amount of $8,435.70 (41.2 hours x $204.75), paralegal fees in the amount of $12.00 (.2 hours x $60.00), and costs in the amount of $405.00 for the filing fee (ECF No. 13-1).  Based on this record, the requested fees and costs are reasonable.  Accordingly, plaintiff should be awarded the requested fees in the amount of $8,447.70 and costs in the amount of $405.00.

## II.    RECOMMENDATION

I  respectfully  recommend  that  the  parties'  stipulation  (ECF  No.  13)  be **APPROVED**.

Dated:  June 16,2025                             /s/ Ray Kent
                                                 RAY KENT
                                                 United States Magistrate Judge

2

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).